IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JARROD N. TUTKO, et al.,** | : | |
| Plaintiffs | : | CIVIL NO. 1:15-CV-02004 |
| vs. | : | |
| **DOMINICK L. DEROSE, et al.,** | : | (Judge Rambo) |
| Defendants | : | |

**MEMORANDUM**

**Background**

On October 15, 2015, Jarrod N. Tutko and Kimberly Tutko, inmates confined at the Dauphin County Prison, Harrisburg, Pennsylvania, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Doc. 1. The defendants named in the complaint are Dominick L. DeRose, the Warden of the Dauphin County Prison; Jess Weary, who is alleged to be a Correctional Officer at Dauphin County Prison; and the Dauphin County Prison. Id. Along with the complaint, Plaintiff Jarrod N. Tutko filed a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915. Doc. 2. Subsequently, on October 27, 2015, Plaintiff Kimberly Tutko filed a

motion for leave to proceed in forma pauperis. Doc. 9. The Prison Litigation Reform Act (the "PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) imposed new obligations on prisoners who file suit in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., the full filing fee ultimately must be paid (at least in a non-habeas suit). Also, a new section was added which relates to screening complaints in prisoner actions.[1] For the reasons outlined below, the Tutkos' motions for leave to proceed in forma pauperis will be construed as motions to proceed without full prepayment of the filing fee and granted, and the Tutkos' complaint will be dismissed with leave to submit an amended complaint.

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements: 1) that the

---

1.  Section 1915(e)(2) provides:
    (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Natale v. Camden County Corr. Facility, 318 F.3d 575, 580-581 (2003); Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

A defendant's conduct must have a close causal connection to plaintiff's injury in order for § 1983 liability to attach. Martinez v. California, 444 U.S. 277, 285 (1980).[2] A prerequisite for a viable civil rights claim is that a defendant directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights. See Monell v. Department of Social Serv. of the City of N.Y., 436 U.S. 658, 694-95

---

2. The Martinez court explained: "Although a § 1983 claim has been described as 'a species of tort liability,' Imbler v. Pachtman, 424 U.S. 409, 417 [(1976)], it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute." Id.

(1978); Gay v. Petsock, 917 F.2d 768, 771 (3d Cir. 1990); Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988).

The Tutkos' claims are set forth on a form § 1983 complaint which are routinely provided to pro se litigants. In the complaint the Tutkos allege that Defendant Jess Weary "offered to pay inmates to stab [them] with shanks in order for [the other inmates] to get extra food trays because of the nature of [the Tutkos' criminal cases]." The Tutkos further allege that Warden DeRose "condones the actions of his correctional officers toward inmates with high profile and child crimes when grievanced about it" and "he sides with them and don't (sic) ask other inmates of their actions that prompted the grievance." With respect to the Dauphin County Prison, the Tutkos state that it "allow[s] [its] officers to engage in (sic) inappropriately with inmates and give special privileges, so they can cover up their activities." Doc. 1, at 2 & 3. As relief, the Tutkos request that "the court grant [them] punitive damages and mental

distress due to be (sic) put in Dauphin County Prison and [for] violation of rights and overcrowding." Id. at 3.

The Tutkos do not allege that they were assaulted by other inmates or suffered physical injury as the result of their confinement at Dauphin County Prison. They give no indication when Defendant Weary allegedly requested other inmates to assault them or set forth the names of those inmates. They make conclusory allegations that they have suffered emotional harm and have endured overcrowded conditions. However, claims for emotional harm without a prior showing of physical injury[3] and against a prison are not cognizable under § 1983.[4]

---

3. 42 U.S.C. § 1997e(e) provides that in order for an inmate to recover for emotional distress or psychological injury there has to be a prior showing of physical injury.

4. A prison is not an entity subject to suit under 42 U.S.C. § 1983. The United States Supreme Court established in Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 (1989), that "a State is not a person within the meaning of § 1983." Ordinarily, only actual persons are subject to suit under § 1983. Id. at 71. Furthermore, a prison is not a person within the meaning of § 1983. Fischer v. Cahill, 474 F.2d 991,
(continued...)

Pro se parties are accorded substantial deference and liberality in federal court. Haines v. Kerner, 404 U.S. 519 (1972); Hughes v. Rowe, 449 U.S. 5 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8 requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests, (2) the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief sought by the pleader.

Although there is not a heightened pleading standard in § 1983 cases, a § 1983 complaint in order to comply with Rule 8 must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the

---

4. (...continued)
992 (3d Cir. 1973); Smith v. Samuels, 2013 WL 5176742, *4 (M.D.Pa. 2013)("Courts have repeatedly recognized that a prison or correctional facility is not a person for purposes of civil rights liability.")(Nealon, J.); see also Ellman v. Prime Care, Inc., 2014 WL 2601728, *2 (M.D.Pa. 2014)(Nealon, J.); Williams v. Lackawanna Count Prison, 2010 WL 1491132, *1 n.2 (M.D.Pa. 2010)(McClure, J.).

plaintiff, so that the court can determine that the complaint is not frivolous and a defendant has adequate notice to frame an answer. A civil rights complaint complies with this standard if it alleges the conduct violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials.

Under even the most liberal construction, the Tutkos' complaint is in violation of Rule 8.  It does not give the defendants fair notice of what the Tutkos' claims are and the grounds upon which the claims rest. There are no factual allegations with respect to where and when each defendant was involved in wrongdoing. Even taking into account the fact that the Tutkos are proceeding pro se, their complaint is not in conformity with Rule 8 of the Federal Rules of Civil Procedure. Although brief and concise, it does not set forth in understandable terms what it is about which they are complaining.  Accordingly, the complaint is subject to sua sponte dismissal by the court.  Such dismissal will be ordered with leave to file an amended complaint. See

Ala' Ad-Din Bey v. U.S. Department of Justice, 457 Fed.Appx. 90, 91 (3d Cir. 2012)(quoting Salahudin v. Cuomo, 861 F.2d 40 (2d Cir. 1988)).

Based upon the above legal standards, it is clear that any claims against the named defendants are subject to dismissal in that Tutkos fails to set forth any factual allegations against them in the complaint which are cognizable under § 1983.

Without such factual allegations, it is impossible to conclude that defendants have deprived the Tutkos of any constitutional rights entitling them to monetary damages.  As such, the present complaint will be dismissed pursuant to Rule 8, as well as,  28 U.S.C. § 1915(e)(2)(B)(ii) as they fail to state a claim against the defendants upon which relief may be granted.[5]

---

5. While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  Id. at 570, 550 U.S. 544, 127 S.Ct. 1955 at 1974, 167 L.Ed.2d 929.  "The plausibility standard is not akin to a 'probability requirement,'
(continued...)

Although the complaint as filed fails to state a cause of action against any of the named individual defendants, it is possible that the deficiencies may be remedied by amendment.  Consequently, the Tutkos will be granted such opportunity.  The Tutkos are advised that the amended complaint must be complete in all respects.  It must be a new pleading which stands by itself without reference to the complaint already filed.  Such amended complaint should set forth their claims in short, concise and plain statements.  It should specify which actions are alleged as to which defendants.  If the Tutkos fail to file an amended complaint adhering to the

---

5. (...continued)
but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Ashcroft v. Iqbal,___U.S.___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965.) "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" Id., 127 S.Ct. at 1965 (quoted case omitted).

standards set forth above, this case will be closed.

An appropriate order will be entered.

                                s/Sylvia H. Rambo
                                United States District Judge

Dated: November 23, 2015